# MORRISON | FOERSTER

2000 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20006-1888

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

July 6, 2020

Writer's Direct Contact
+1 (202) 887.6946
SLloyd@mofo.com

**VIA ECF**

Mr. Mark Langer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, DC 20001

Re:     *Strike 3 Holdings, LLC v. John Doe*, No. 18-7188 (argued March 6, 2020)

Response to Strike 3's July 2, 2020 letter ("Letter") regarding *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282 (D.N.J. June 30, 2020)

Dear Mr. Langer:

An out-of-circuit district court case cannot help Strike 3. For starters, Strike 3 is wrong that amicus "extensively discussed" (Letter 1) the underlying magistrate judge's decision. Rather, amicus primarily cited Strike 3's *admissions* in that court: "often" someone other than the subscriber has downloaded Strike 3's works; it is "pure speculation" whether one or multiple people access the internet at a given address; and Strike 3 is unsure whether addresses belong to individuals or businesses. Amicus Br. 14-15. Strike 3 ignores these admissions, which confirm the district court's finding that Strike 3 has a pattern of using legal process to force quick settlements of potentially meritless claims. A40-47.

Nor does the cited decision undermine amicus's contention that many courts have questioned Strike 3's conduct and exercised discretion to deny discovery. That remains true. Amicus February 28(j) 1-2 (citing other examples). Another district court's exercise of its discretion does nothing to show the district court here abused its discretion in reaching a contrary result—the point of discretion is that courts may reasonably disagree. Accepting Strike 3's position would wrongly compel district courts to rubber stamp every similar form complaint and discovery request.

Strike 3's remaining arguments miss the point. The question here is not simply whether Strike 3 could state a claim (though as amicus explained (Br. 23-28), Strike 3 could not). *Contra* Letter 1-2. Instead, the admitted weakness of Strike 3's claims is just one relevant factor. The district court here properly weighed that factor with others, including Strike 3's

practice of filing 1,849 nearly identical claims while seeking to prevent court scrutiny of them and the privacy concerns implicated by this litigation conduct—which Strike 3 already admitted were real (A16), not speculative. Amicus Br. 21-33. Recognizing those privacy concerns is not treating adult content disparately; it is applying the balancing Rule 26 requires. Amicus Br. 45-46. And nothing in Rule 26 mandates that courts apply the Rule 8 pleading standard when weighing such factors. Amicus Br. 19-21.

The Court should affirm the district court's reasonable exercise of discretion.

Respectfully submitted,

/s/ Seth W. Lloyd
    Seth W. Lloyd
*Counsel for Court-Appointed Amicus Curiae*

cc:    All counsel of record via ECF system

# CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 341 words.

| | |
|---|---|
| Dated: July 6, 2020 | /s/ Seth W. Lloyd |
| | Seth W. Lloyd |

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system on July 6, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 6, 2020                              /s/ Seth W. Lloyd
                                                    Seth W. Lloyd